IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

September 29, 1998

Cecil W. Crowson
Appellate Court Clerk



| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9708-CC-00338 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| SANFORD L. WILSON, | ) | Hon. Cheryl Blackburn, Judge |
| | ) | |
| Appellant. | ) | (Reckless Endangerment) |
| | ) | |

FOR THE APPELLANT:

**THOMAS H. MILLER**
Attorney at Law
P.O. Box 681662
Franklin, TN  37068-1662

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MARVIN E. CLEMENTS, JR.**
Asst. Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**DAN HAMM**
Asst. District Attorney General
Washington Square
222 Second Ave. N., Ste. 500
Nashville, TN 37201-1649

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

The defendant, Sanford L. Wilson, appeals from his conviction of felony reckless endangerment. He received his conviction at the conclusion of a jury trial in the Davidson County Criminal Court. The trial court imposed a two-year sentence. In this direct appeal, Wilson appeals the length and manner of service of that sentence. Having reviewed the record and the briefs of the parties, we find no error of law requiring reversal and affirm the judgment of the trial court.

The defendant's conviction arises from an altercation with a neighbor and members of his neighbor's family. At trial, a sharp factual dispute existed regarding the altercation. The defendant admitted he threw paint thinner on the neighbor and set him on fire, but he claimed he did so in self defense. The state's evidence did not support the defendant's self-defense theory. The jury acquitted the defendant of two counts of aggravated assault, one resulting from serious bodily injury and the other from use of a deadly weapon,[1] but convicted him of one count of the lesser offense of felony reckless endangerment.[2]

At the sentencing hearing, the trial court thoroughly and thoughtfully considered the relevant criteria. It imposed a maximum Range I sentence of two years.

The defendant's appellate grievances relate to the sentence imposed. In determining whether the trial court has properly sentenced an individual, this court engages in a de novo review of the record with a presumption that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1997). This

---

[1]See Tenn. Code Ann. § 39-13-102 (Supp. 1995) (amended 1996).

[2]See Tenn. Code Ann. § 39-13-103 (1997).

2

presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. §§ 40-35-210(b), 40-35-103(5) (1997); Ashby, 823 S.W.2d at 168. On appeal, the appellant has the burden of showing that the sentence imposed is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); Ashby, 823 S.W.2d at 169.

In the case at bar, we find the trial court's determination is entitled to the presumption of correctness.

The defendant claims the trial court erroneously failed to apply certain mitigating factors in sentencing him. First, he claims the trial court erred in failing to apply mitigating factors (2) and (3), that "[t]he defendant acted under strong provocation" and that "[s]ubstantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense[,]" respectively. Tenn. Code Ann. § 40-35-113(2), (3) (1997). He claims these factors should be applied because his act of dousing the victim in paint thinner and setting him on fire came as a response to his fear for his own life and the life of his girlfriend during a hostile invasion of his home by the victim and the victim's nephew. The trial court declined to apply these factors, finding they "were taken into consideration by the jury in this case; that is, [the jury] reduced your offense from aggravated assault to reckless endangerment[.]" We have previously observed that there is no per se prohibition against "double mitigation" of a sentence by applying a mitigating factor

3

even though the jury has extended leniency to the defendant on the same basis; however, "double mitigation" is inappropriate if additional consideration of the relevant facts is not merited. State v. Samuel D. Braden, No. 01C01-9610-CC-00457, slip op. at 12 (Tenn. Crim. App., Nashville, Feb. 18, 1998) (citations omitted). We find it implicit in the trial court's finding that the defendant received all of the mitigation relevant to factors (2) and (3) via the jury verdict to which he is entitled. As noted above, the facts at trial were sharply disputed. The defendant responded radically to what may well have been a mutually acrimonious confrontation rather than the unprovoked attack he claims occurred. Furthermore, we note that the defendant's theory at trial was that he acted in self-defense, not that he acted under provocation. See Samuel D. Braden, slip op. at 12.

The defendant also argues for the application of mitigating factor (11), that "although guilty of the crime, [he] committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct." Tenn. Code Ann. § 40-35-113(11) (1997). This factor was neither urged by the defendant at the sentencing hearing nor its non-applicability specifically addressed by the trial court.[3] Notwithstanding, the record supports the trial court's failure to apply it. By the defendant's own admission, he lived a life of drug abuse at the time of his crimes. He claimed that drug abuse led him to commit multiple criminal acts around the time of this offense. While the defendant may not have had a sustained intent to set other human beings on fire, he had a sustained intent at the time of this crime to abuse illegal drugs, and this drug use led him to commit further violations of the law. The defendant has failed to sustain his burden of demonstrating that mitigating factor (11) should have been applied.

---

[3]However, the trial court addressed both enhancement and mitigating factors in orderly form, and it essentially went down the statutory list of both. We believe the court considered the factor, rejected it, and made no explicit findings because no issue had been raised of the factor's applicability.

The defendant also claims he should have received an alternative sentence. However, the trial court found that confinement was necessary to protect the public from the defendant and that measures less restrictive than confinement had frequently or recently been applied without success. See Tenn. Code Ann. § 40-35-103 (1997). These findings are adequately supported by the record.

As we observed in State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991):

> If appellate review reflects that the trial court, by following the statutory sentencing procedure, imposed a lawful sentence, after having given due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact upon which the sentence is based are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result.

Fletcher, 805 S.W.2d at 789. Applied to the case at bar, Fletcher precludes us from disturbing the trial court's sentencing determination.

The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
R. LEE MOORE, JR., SPECIAL JUDGE

5